**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert A. Cuevas,                )<br>                                            )<br>     Plaintiff,                         )<br>                                            )<br>vs.                                       )<br>                                            )<br>John Miranda, et al.,              )<br>                                            )<br>     Defendants.                    )<br>_____ ) | No. 04-CV-0476-PHX-PGR<br><br>**ORDER** |

The Court is in receipt of the parties' Motion for Clarification (Doc. 37). The Court's March 24, 2005 Order (Doc. 33) granting the Federal Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 24) expressly stated that the Federal Defendants were the parties to be dismissed. The Clerk of Court, in error, interpreted that Order as dismissing all Defendants thereby terminating the case. Until the parties' recent motion, the Court was unaware of this error. Although the Order still stands as entered, the Judgment Dismissing the Complaint in its entirety (Doc. 34) is incorrect.   Defendants John Miranda, City of San Luis, City of San Luis Police Department, Eddie Bejarano, and Alex Ruiz should have remained active as they were not parties to the Motion to Dismiss that was granted.

The Court has been informed that the Plaintiff is currently appealing the March 24, 2005 Order along with the Judgment entered dismissing the Complaint. The Order did not contain language from Rule 54(b) of the Federal Rules of Civil Procedure indicating that it was final though it failed to resolve all claims against all parties. The Court did not include

such language because said Order was not intended to be one immediately appealable until the parties made the requisite showing of a "pressing need" for the Order to stand as a Final Judgment. See, e.g., Morrison-Knudsen Co., Inc. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981).

The Court no longer has jurisdiction to correct the clerical error made by the Clerk of the Court as this matter is now being appealed to the Ninth Circuit. Federal Rule of Civil Procedure 60(a) states that clerical mistakes in judgments or orders arising from oversight or omission may be corrected by the court at any time on the motion of any party. However, "[d]uring the pendency of an appeal, such mistakes maybe so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court." Fed. R. Civ. P. 60(a). Since this matter is currently on appeal, this Court lacks the requisite jurisdiction to correct the error until the Ninth Circuit Court of Appeals remands the matter for the limited purpose of remedying this mistake. Once the Court receives such a mandate, the Judgment will be vacated and the Plaintiff may immediately pursue his claims against the San Luis Defendants without further delay. Therefore,

The Plaintiff's Motion for Clarification (Doc.  ) is GRANTED in part and DENIED in part. The Court will await the Ninth Circuit's Order restoring jurisdiction for the purpose of correcting the clerical error in entering judgment and dismissing the complaint in its entirety.

DATED this 12th day of January, 2007.

_____
Paul G. Rosenblatt
United States District Judge