Case 2:04-cv-00476-PGR   Document 49   Filed 03/06/08   Page 1 of 7

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert A. Cuevas,<br><br>　　　　Plaintiff,<br>　vs.<br><br>City of San Luis, Arizona, et al.,<br><br>　　　　Defendants. | No. CV-04-0476-PCT-PGR<br><br>ORDER SETTING SCHEDULING CONFERENCE |

　　The plaintiff having filed a Motion for Leave to [F]ile First Amended Complaint on January 10, 2008 and the City of San Luis -related defendants having failed to file any response in opposition thereto and their time for doing so under LRCiv 7.2(c) having expired,

　　IT IS ORDERED that the plaintiff's Motion for Leave to [F]ile First Amended Complaint (doc. #46) is granted pursuant to Fed.R.Civ.P. 15(a) and LRCiv 7.2(i) and the Clerk of the Court shall file and docket the plaintiff's lodged First Amended Complaint (doc. #48).[1]

---

[1] The Court notes that while is allowing the First Amended Complaint to be filed, it is not thereby ruling that the complaint states a claim in all respects. For example, it is not ruling that the factual allegations of the First Amended Complaint are sufficient under Bell Atlantic Corp. v. Twombly, _ U.S. _, 127 S.Ct. 1955 (2007), to support the specific claims raised therein, that the Police

IT IS FURTHER ORDERED that:

(1)  Pursuant to Fed.R.Civ.P. 16(a), **a Scheduling Conference is set for Monday, May 12, 2008, at 1:30 p.m.**, in Courtroom 601 of the Sandra Day O'Connor United States Courthouse, 401 W. Washington Street, Phoenix, Arizona 85003.  The parties are directed to Rule 16 for the objectives of this conference.  **Lead counsel, or the parties if unrepresented, shall appear in person at the Scheduling Conference**.  At least one attorney for each party attending the conference shall have authority to enter into stipulations and make admissions regarding all matters which may be discussed.

(2)    The parties are directed to meet, either in person or by telephone, at least 14 days before the date for filing the Joint Case Management Report to confer regarding:

   A.  The suitability of the action for referral to an alternative dispute resolution mechanism, pursuant to LRCiv 83.10;

   B.  Any matters relating to jurisdiction, venue, or joinder of additional parties;

   C.  The scope of discovery and possible limitations thereof, including (1) any issues relating to the preservation of discoverable information, including issues regarding the disclosure or discovery of electronically stored information and the forms in which it should be produced, (2) any issues relating to assertions

---

Department of City of San Luis, Arizona is a suable entity for purposes of 42 U.S.C. § 1983, or that Counts VIII and IX of the First Amended Complaint are proper claims.  *See* Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution.  We have previously held that a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983."), *cert. denied*, 506 U.S. 1081 (1993).

of privilege or work product protection, and (3) any suggested changes in the limitations on discovery imposed by the Federal Rules of Civil Procedures.  The parties are expected to minimize the expense of discovery whenever possible.  In cases in which dispositive motions will be filed, the parties should consider limiting discovery to the issue at hand until the Court has ruled on the motion;

  D. A schedule of all pretrial proceedings, including a trial date, an estimate of the length of trial, and any suggestions for shortening trial;

  E. Prospects for settlement, including whether the parties wish to have a settlement conference before a magistrate judge; and

  F. Any matters which the parties may feel will help dispose of the matter in an efficient and economical manner.

 (3) **THE PARTIES SHALL FILE WITH THE COURT, NOT LESS THAN FOURTEEN (14) CALENDAR DAYS BEFORE THE SCHEDULING CONFERENCE, A "JOINT CASE MANAGEMENT REPORT" REFLECTING THE RESULTS OF THEIR DISCUSSIONS.**[2]  The Joint Case Management Report shall include individually lettered brief statements, set forth in the following order, indicating:

  A. The nature of the case, setting forth the factual and legal bases of the plaintiff's claims and the defendants' defenses in <u>sufficient detail</u> such that the Court need not refer to the parties' pleadings to understand what the case is

---

[2] For purposes of the Court's CM/ECF system, the Joint Case Management Report is to be e-filed under the heading of "Report re: Rule 26(f) Planning Meeting."

The report is to be signed in accordance with the "Multiple Signatures" provision of the Electronic Case Filing Administrative Policies and Procedures Manual.

about;

B.  The jurisdictional basis of the case, citing specific statutes;

C.  The factual and legal issues genuinely in dispute, and whether they can be narrowed by stipulation or motion;

D.  The parties, if any, which have not been served, as well as parties which have not filed an answer or other appearance.  <u>Unless counsel can otherwise show cause, a proposed order or notice of voluntary dismissal shall accompany the joint report dismissing any party, including a fictitiously-named party, which has not been served, or seeking entry of default and default judgment on any non-appearing, properly-served party</u>;

E.  The names of parties not subject to the Court's jurisdiction;

F.  What formal or informal discovery has been done and, if none, the reasons <u>justifying</u> the lack of discovery.

G.  What agreements have been entered into, and what unresolved issues remain, regarding the preservation and disclosure of discoverable information, including issues related to electronic discovery and assertions of privilege;

H.  Whether there are further dispositive or partially dispositive issues to be decided by pretrial motions, and the factual/legal issues about which any pretrial motions are contemplated;

I.  Whether the parties will consent to have the case referred to an alternative dispute resolution method;

J.  The identity of and status of any related cases pending before other judges of the District of Arizona or before any other federal, state, or municipal court (see LRCiv 42.1(a)(1) for meaning of relatedness), and, if a

related case exists, how the cases are related, and, if the related case is another federal district court case, whether a motion to consolidate or transfer has been filed and if none, the reasons justifying the lack of such a motion;

K.  Proposed deadlines for (1) filing motions pursuant to Fed.R.Civ.P. 12(b), motions to amend pleadings and motions to join additional parties; (2) exchanging initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1), and disclosing expert witnesses and their reports pursuant to Fed.R.Civ.P. 26(a)(2); (3) completing expert witness depositions; (4) completing discovery; (5) filing dispositive motions; and (6) filing a Joint Pretrial Statement. (**Specific dates, i.e. a month, day, and year** - not x days before trial, etc. - for these deadlines must be included in the body of the Joint Case Management Report - do not submit a completed proposed scheduling order.  The proposed dates must not be a federal legal holiday or a weekend.)  If the parties cannot agree on deadlines, separate dates may be submitted for discussion at the Scheduling Conference;

L.  Estimated date that the case will be ready for trial, the estimated length of trial, and any suggestions for shortening the trial;

M.  Whether a jury trial has been requested, and if the parties differ as to whether a jury trial has been properly requested, the bases for their positions;

N.  Whether any settlement negotiations have taken place and the prospects for settlement, including any request to have a settlement conference before a Magistrate Judge, or other request of the Court for assistance in settlement efforts;

O.  In class actions, the proposed dates for class certification proceedings and other class management issues.  Such certification will result in

the case being reassigned to the **complex track** for case management purposes;

P.  Whether any unusual, difficult, or complex problems or issues exist which would require this case to be placed on the **complex track** for case management purposes; and

Q.  Any other matters which the parties feel will aid the Court in resolving this dispute in a just, speedy, and inexpensive manner.

(4)  It shall be the responsibility of the plaintiff to timely initiate the communication necessary to prepare the Joint Case Management Report.  **THE PARTIES AND THEIR COUNSEL ARE WARNED THAT APPROPRIATE SANCTIONS MAY BE IMPOSED PURSUANT TO FED.R.CIV.P. 16(f) AND FED.R.CIV.P. 37(b)(2) IF THERE IS A FAILURE TO TIMELY COMPLY WITH THIS ORDER OR IF THERE IS A FAILURE TO ATTEND THE SCHEDULING CONFERENCE.**  If a party or counsel believes that good cause exists to continue the deadline for filing the Joint Case Management Report and the Scheduling Conference date, it shall be that person's responsibility to formally seek such a continuance <u>prior</u> to the date for filing the Joint Case Management Report.[3]

(5)    After the Scheduling Conference, the Court will enter a Scheduling Order, which shall control the course of this action, unless modified by subsequent order.  This Court views this Scheduling Conference as critical to its case management responsibilities and those of the parties, and the parties are cautioned that the <u>deadlines set at this conference shall be enforced and that no amendments to the Scheduling Order shall be made without a court order</u>.

---

[3]   In order to conserve scarce judicial resources, the parties are directed to promptly inform the Court if they are involved in negotiations which they reasonably believe may make the resolution of <u>any pending motion</u> unnecessary.

(6) **The parties shall satisfy the filing requirement of Fed.R.Civ.P. 26(a)(4) by filing with the Clerk of the Court a notice of disclosure - no copies of any actual disclosures shall be filed with the Court. (See LRCiv 5.2).**

DATED this 6th day of March, 2008.

                                                Paul G. Rosenblatt
                                              United States District Judge