**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert A. Cuevas, ) | No.   CV 04-0476-PHX-PGR |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| City of San Luis, Arizona, et al., ) | |
| ) | |
| Defendants. ) | |

Currently pending before the Court are the parties' Stipulation to Extend Deadline for Defendants to Reply in Support of their Motion to Dismiss[1] (Doc. 62), the Motion to Dismiss (Doc. 51) filed by Defendants the City of San Luis, the City of San Luis Police Department, John Miranda, and Alex Ruiz (collectively "the Defendants"), and the Motion for Leave to File a Second Amended Complaint (Doc. 60) filed by Plaintiff Robert Cuevas. After careful consideration of the parties' arguments set forth in the papers submitted, the Court now rules on the motions.

///

///

---

[1] The parties' filed a Stipulation that, with the Court's approval, Defendants' time to reply to their Motion to Dismiss will begin subsequent to the entry of an order regarding Plaintiff's Motion for Leave to File a Second Amended Complaint.

**MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT (DOC. 60)**

### A. BACKGROUND

On March 9, 2004, Plaintiff filed the pending lawsuit against Defendants the City of San Luis, et al., Yuma County, et al., and the Department of Homeland Security, et al. Over the course of the next four years, the federal and county Defendants were dismissed, leaving only the city Defendants as the remaining Defendants. On January 10, 2008, Plaintiff sought leave to file his First Amended Complaint, which the remaining Defendants did not oppose.

On March 6, 2008, Plaintiff's First Amended Complaint was filed, and on April 11, 2008, Defendants, filed the pending Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 51). On May 12, 2008, the Court granted Plaintiff an extension of time to respond to Defendants' Motion to Dismiss. Plaintiff filed his Response on May 22, 2008. On the same day, Plaintiff filed the pending Motion for Leave to File Second Amended Complaint (Doc. 60), as well as the Lodged Proposed Second Amended Complaint. (Doc. 61.) Plaintiff contends that he should be permitted to amend his First Amended Complaint to "clarify" the claims and "accurately reflect" the evidence and arguments which are the basis for his case. The proposed Second Amended Complaint reduced the number of Counts from nine to three. Defendants oppose the filing of a Second Amended Complaint.

### B. LEGAL STANDARD AND ANALYSIS

According to Rule 15, Federal Rules of Civil Procedure, "leave shall be freely given when justice so requires." The Courts generally apply this Rule with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (quoting Morongo Bank of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)). However, "leave to amend is not to be granted automatically." Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990); see also Zivkovic v. S. California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). Courts consider four factors when deciding whether a motion for leave to amend the complaint should be granted: (1) whether the opposing party would be

prejudiced by the amendment, (2) whether the plaintiff unduly delayed in proposing the amendments, (3) whether the amendments were proposed in bad faith, and (4) whether the amendments are futile. Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999); see also Thornton v. McClatchy Newspapers, Inc., 262 F.3d 789, 799 (9th Cir. 2001) (leave to amend "is subject to qualification") (internal quotations omitted); Jackson, 902 F.2d at 1388 ("A trial court may deny such a motion [to amend] if permitting an amendment would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit.").

Pursuant to Ninth Circuit authority, it is the consideration of prejudice to the opposing party that carries the greatest weight. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987). Prejudice to the opposing party is the "touchstone of the inquiry under rule 15(a)." Lone Star Ladies Inv. Club v. Schlotzsky's Inc., 238 F.2d 363 368 (5th Cir. 2001); Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973) (stating that "the crucial factor is the resulting prejudice to the opposing party"). Defendants contend that they would be prejudiced by the filing of the proposed amendments because of the considerable time and resources invested in responding to the Plaintiff's First Amended Complaint. The Court does not find that this amounts to actual prejudice to the Defendants. If the Court were to accept this argument, it would essentially close the door to the possibility of future plaintiffs filing motions for leave to file an amended complaint subsequent to defendants filing a motion to dismiss. This is not contemplated by the Rules and is not a decision to be made by this Court. Owens, 244 F.3d at 712. ([T]hat plaintiffs incurred substantial litigation expenses before defendant moved to amend its answer did not constitute "prejudice" precluding leave to amend.)[2]  The Court finds that based on the pleadings and

---

[2] Despite discussing the amendment of an answer in Owens, versus a complaint in the pending matter, the underlying principle is identical. Furthermore, the Court does not consider the filing of a motion to dismiss to be a "substantial litigation expense".

the papers submitted, there has been no demonstration of substantial additional litigation costs. Furthermore, it is clear that no additional discovery[3] will be necessitated by a Second Amended Complaint, particularly because the Second Amended Complaint has significantly decreased the number of counts against Defendants.

Defendants further argue that Plaintiff unduly delayed proposing the amendments by waiting to file his Motion for Leave to File a Second Amended Complaint until after the Defendants filed their Motion to Dismiss. Defendants contend, and the Court agrees that if the Plaintiff unduly delays proposing the amendments to his or her complaint, the trial court does not abuse its discretion in denying the motion for leave to amend. Chodos v. W. Publ'g Co., Inc., 292 F.3d 992, 1003 (9th Cir. 2002). "Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." Jackson, 902 F.2d at 1388. However, assuming *arguendo* that Cuevas had unreasonably delayed the filing of the motion to amend his Complaint, "[u]ndue delay by itself ... is insufficient to justify denying a motion to amend." Bowles v. Reade, 198 F.3d 752, 758 (9th Cir.1999). Furthermore, Mr. Cuevas has *reduced* the number of counts in the Second Amended Complaint to three, compared to nine in the First Amended Complaint. Such an act flies in the face of Plaintiff's assertion of undue delay in that neither the Defendants nor the Court will be forced to waste valuable resources addressing tangential claims.

Equally as important in determining whether undue delay exists is Plaintiff's assertion that the Second Amended Complaint will aid the parties by clarifying the surviving claims. This assertion contravenes the argument of prejudice or undue delay, particularly in light of the fact that no discovery has been conducted in this four year old case. Despite

---

[3] As of this date, no discovery has been conducted. Thus, Defendants have not wasted any resources on unnecessary discovery due to the filing of a Second Amended Complaint.

being uncertain as to the reason why Mr. Cuevas was not satisfied with his First Amended Complaint, he has now filed a Motion for Leave to File a Second Amended Complaint that he maintains will be clear, concise, and cogent. Defendants have failed to establish otherwise. Permitting such a filing will result in saving time and resources for all relevant parties. Moreover, as previously stated, undue delay alone, even if established, is insufficient to warrant the denial of a motion to amend. Id.

Defendants further assert that bad faith was involved in Plaintiff's filing of a Motion for Leave to File a Second Amended Complaint. Plaintiff responds by reminding Defendants' counsel of its own mishaps, namely, its failure to timely respond to Plaintiff's First Amended Complaint. Despite being entitled to do so, in lieu of pursuing default, Plaintiff's counsel wrote a professional courtesy letter notifying Defendants' counsel of the status of the case. Plaintiff avers that he has not exhibited any bad faith in his attempt to clarify his claims and accurately reflect the evidence that he will use to establish his claims through a Second Amended Complaint. Moreover, Defendants' contention that Plaintiff proposed the amendments in bad faith for "the sole purpose of avoiding having to respond to Defendants' comprehensive motion to dismiss" is mere conjecture. Here, Plaintiff's Proposed Second Amended Complaint significantly differs from the First Amended Complaint, as exhibited by the decrease in the number of Counts in the Second Amended Complaint as compared to the First Amended Complaint. Consequently, Plaintiff argues that Defendants have wholly failed to demonstrate the existence of bad faith. The Court, in considering the papers submitted, finds no bad faith on the part of Plaintiff in filing for leave to file a Second Amended Complaint.

With regard to futility, Defendants contend that Plaintiff's proposed amendments are futile because they do not cure the deficiencies Defendants contend are the basis of Plaintiff's case. "Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend." Lockheed Martin, 194 F.3d at 986. A motion for leave to amend is

properly denied "if it is clear . . . that the complaint could not be saved by any amendment." Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008) quoting Polich v. Burlington N., Inc., 942 F.2d 1467, 1472 (9th Cir. 1991).

Defendants argue that Plaintiff's claims cannot be saved from dismissal, even assuming the proposed amendments were effectuated. For example, Defendants contend that San Luis Police Department has no capacity to be sued as a non-jural entity, and thus Plaintiff has failed to state a claim against the San Luis Police Department upon which relief can be granted. However, according to Williams v. City of Tempe, 2006 WL 798701 at *3 (D. Ariz. 2006), "there is no per se rule that police departments are not jural entities." Id. at *3. Moreover, there is no consensus within the District of Arizona as to whether the local Sheriff's Office is a jural entity. See Wilson v. Maricopa County, 2005 WL 3054051, at *1 (D.Ariz. 2005). What is clear, however, is that in their Motion to Dismiss, Defendants have failed to apply the three part test set forth in McClanahan v. Cochise College, 25 Ariz.App. 13, 540 P.2d 744 (Ariz.Ct.App.1975), for determining whether the San Luis Police Department is a jural entity. Given that this issue has not been appropriately argued in the motion, the Court will not address the jural entity question at this time. The Court concludes that it is anything but clear that the complaint could not be saved by *any* amendment. Leadsinger, 512 F.3d at 532 quoting Polich, 942 F.2d at 1472. Accordingly, this Court concludes that futility has not been properly demonstrated by Defendants.

Given the Ninth Circuit's liberal interpretation of Fed.R.Civ.P. 15, the fact that the Motion for Leave to File a Second Amended Complaint has not resulted in undue delay in the proceedings, there has been no establishment of prejudice to the Defendants, no demonstration of bad faith, nor futility of amendment, the Court finds that justice requires this Court to permit Plaintiff to file a Second Amended Complaint. Fed.R.Civ.P. 15 Accordingly,

1. IT IS HEREBY ORDERED **GRANTING** Plaintiff's Motion for Leave to File a Second Amended Complaint. (Doc. 60.)

2. IT IS FURTHER ORDERED that the Clerk of Court shall file the Lodged Proposed Second Amended Complaint. (Doc. 57.)

3. IT IS FURTHER ORDERED **DENYING as MOOT** Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. (Doc. 51.)

4. IT IS FURTHER ORDERED **DENYING as MOOT** the parties' Stipulation to Extend Deadline for Defendants to Reply in Support of their Motion to Dismiss. (Doc. 62.)

DATED this 1st day of November, 2008.

Paul G. Rosenblatt
United States District Judge